IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERVIN RAY SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 24-352-RAW-JAR |
| STATE OF OKLAHOMA, et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

On September 27, 2024, Plaintiff Ervin Ray Smith filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, seeking monetary and injunctive relief. (Dkt. 1 at 11-12). He is a pretrial detainee who is incarcerated at the McIntosh County Jail in Eufaula, Oklahoma. *Id*. at 2. The defendants are the State of Oklahoma (McIntosh County District Attorney's Office), the McIntosh County Board of County Commissioners, the City of Eufaula, and Jail Administrator Monica Smith. After review of the complaint, the Court finds Plaintiff must file an amended civil rights complaint on the Court's form, as set forth below.

**Plaintiff's Claims**

Plaintiff alleges in Claim One of the complaint that on May 25, 2024, an officer conducted an illegal search of his automobile and then seized Plaintiff's personal belongings. He claims that a routine traffic stop turned into a "dog sniff" with absolutely no probable cause, and no illegal substances were found. (Dkt. 1 at 6).

In Claim Two, Plaintiff asserts that after the search of his automobile, he was arrested for possession of methamphetamine, with the intent to distribute, and possession of marijuana. He contends the search, however, produced no marijuana, methamphetamine, baggies, scales, or other evidence to support these charges. He was taken to the McIntosh County Jail and placed in the drunk tank without bond. He was not permitted to take a blood test or use any other type of drug screening. The arresting officer allegedly stated under oath that Plaintiff was not swerving or driving erratically in any way, and Plaintiff did not seem to be impaired. Plaintiff claims he was stopped for driving

with a handicap indicator hanging from his rearview mirror. The officer stated under oath that he usually did not arrest drivers for having the handicap indicator, but he could smell air freshener coming from Plaintiff's car. Plaintiff contends the officer's actions violated his equal protection and due process rights, and the actions resulted in cruel and unusual punishment. He also received an excessive bail amount. *Id*. at 7-8.

Plaintiff claims in Claim Three that on August 13, 2024, he received multiple illegal suspended sentences, and he is suffering an illegal revocation because of his illegal sentence. *Id.* at 9-10.

In Claim Four, Plaintiff alleges that he is denied access to the jail's law library. He contends Defendant Monica Smith made the decision to deny his access which led to his illegal revocation. *Id*. at 9.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of

review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Defendant State of Oklahoma (McIntosh County District Attorney's Office)**

Plaintiff has named the State of Oklahoma (McIntosh County District Attorney's Office) as a defendant. The Eleventh Amendment, however, prevents Plaintiff from suing the State of Oklahoma without its unequivocal consent. *See Guttman v. Khalsa*, 669 F.3d 1101, 1110 (10th Cir. 2012) ("Although a state may waive the sovereign immunity granted to it under the Eleventh Amendment, we require a showing of unequivocal intent to do so."). "Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court." *Callahan v. Poppell*, 471 F.3d

3

1155, 1159 (10th Cir. 2006).  *See also* Okla. Stat. tit. 51 § 152.1.  Therefore, the State of Oklahoma is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).  *See Wauford v. Richardson*, 450 F. App'x 698, 699 (10th Cir. 2011) (holding that claims dismissed under the Eleventh Amendment "should [be] dismissed without prejudice.").

To the extent Plaintiff has named the Office of the District Attorney of McIntosh County as a defendant, Plaintiff's claims also are barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The immunity to suit in federal courts afforded by the Eleventh Amendment applies not only to the State, but also to its instrumentalities and officers acting in their official capacities.  Therefore, prosecutors possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on their performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993).  The McIntosh County District Attorney's Office also is dismissed without prejudice.

**Claims Regarding Criminal Proceedings**

Plaintiff's claims concerning his criminal proceedings, including the search of his car, the seizure of his property, his arrest, the denial of a drug test, his excessive bail, his suspended sentences, and his revocation (Claims One, Two, and Three) are not appropriate for this civil rights action.  To the extent Plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. § 2254).  When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Therefore, Plaintiff's claims concerning his criminal proceedings are dismissed from this action without prejudice.

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a). Plaintiff also is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and that Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. Plaintiff must state specific dates and specific acts by each defendant. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights.

An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. It also may not include defendants or claims that are dismissed by this Order. Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins of no less than one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Plaintiff a form for filing an amended complaint.

**ACCORDINGLY,**

1. The State of Oklahoma is dismissed without prejudice.

2. The McIntosh County District Attorney's Office is dismissed without prejudice.

3. Plaintiff's claims concerning his criminal proceedings (Claims One, Two, and Three) are dismissed without prejudice.

4. Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order.

5. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court.

6. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 4th day of November, 2024.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE