IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ERVIN RAY SMITH,

       Plaintiff,

v.                               Case No. 24-CV-352-RAW-JAR

MCINTOSH COUNTY BOARD OF
COUNTY COMMISSIONERS, et al.,

       Defendants.

## OPINION AND ORDER

Plaintiff Ervin Ray Smith ("Plaintiff"), appearing *pro se* and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983.  Dkt. No. 6.  Before the Court are the Motion to Dismiss Plaintiff's Amended Complaint submitted by Defendant Eufaula Police Department [Dkt. No. 17] and the Motion to Dismiss submitted by Defendants McIntosh County Board of County Commissioners and Kevin Ledbetter [Dkt. No. 20].  Plaintiff has responded in opposition to the motions [Dkt. Nos. 21, 24],[1] and Defendants McIntosh County Board of County Commissioners and Kevin Ledbetter have replied [Dkt. No. 23].  For the reasons discussed herein, the Court GRANTS Defendants' motions and dismisses the Amended Complaint without prejudice.

## LEGAL STANDARD

Defendants have moved to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must

---

[1] Defendants McIntosh County Board of County Commissioners and Kevin Ledbetter have moved to strike Plaintiff's response filed February 27, 2025 [Dkt. No. 24], contending it is an unauthorized sur-reply.  Dkt. No. 25.  The Court denies Defendants' motion to strike.  The Court notes that the arguments in Plaintiff's February 27, 2025, submission are duplicative of those asserted in his initial response filed January 21, 2025 [Dkt. No. 21].

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The litigant must plead factual content that "allows the court to draw the reasonable inference" of the defendant's liability. *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

In assessing a motion to dismiss, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks omitted). However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While the Court construes a pro se litigant's pleadings liberally, this liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*  The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## DISCUSSION

Plaintiff initiated this action on September 27, 2024.  Dkt. No. 1.  The Court screened the Complaint under 28 U.S.C. § 1915A and directed Plaintiff to file an Amended Complaint curing the noted deficiencies.  Dkt. No. 5.  In the Amended Complaint now before the Court, Plaintiff brings claims related to his arrest on May 25, 2024, and his subsequent detention in Eufaula,

2

Oklahoma.  Dkt. No. 6, at 2.  Plaintiff claims:

> Upon being arrested I was placed and held in the drunk tank.  And was not allow[ed] to make bond.  Under the all[e]gations that I was "high" or under the influence of mariju[a]na.  However there was . . . no mariju[a]na ever found on my person or in my car.  Nor[] was I permitted to take a blood test upon . . . requesting . . . one.  The arresting officer stated in the preliminary hearing [t]hat I wasn't swerving nor[] was [I] driving [e]rratically.  Nor[] did I seem to be impaired in any form.

*Id.* at 5-6.  Plaintiff names as defendants Eufaula City Police Department, McIntosh County Board of County Commissioners, and Sheriff Kevin Ledbetter in his individual and official capacities. *Id.* at 3-4, 6.[2]

Defendant Ledbetter argues that the individual-capacity claims against him fail because Plaintiff did not plausibly allege his personal involvement.  Dkt. No. 20, at 4-5.  A defendant sued in his individual capacity under § 1983 "may be subject to personal liability and/or supervisory liability."  *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011).  Under either theory, individual liability "must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).  A plaintiff may succeed on a supervisory liability claim by demonstrating: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).  Plaintiff does not allege that Defendant Ledbetter personally participated in his arrest or subsequent detention.  Nor does Plaintiff contend that any constitutional violation was caused by a policy

---

[2] In his request for relief, Plaintiff requests both monetary damages and that his "sentence . . . be overturned."  *Id.* at 8.  The latter request is improper in a § 1983 action.  *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (explaining that "a § 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement" (citations and internal quotation marks omitted)).

attributable to Defendant Ledbetter such that the Court could infer supervisory liability. Accordingly, Plaintiff has not plausibly alleged an individual-capacity claim against Defendant Ledbetter based on either personal liability or supervisory liability.

Plaintiff's official-capacity claims against Defendant Ledbetter and his claims against Defendant McIntosh County Board of County Commissioners likewise are subject to dismissal. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus, a § 1983 suit "against a municipality and a suit against a municipal official acting in his or her official capacity are the same." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998) (internal quotation marks omitted). To establish municipal liability under § 1983, a plaintiff must show: "1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). A municipal policy of custom may take the form of:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (internal quotation marks omitted).

Plaintiff has not alleged the existence of a municipal policy or custom or a direct causal link between such policy or custom and the alleged deprivation of constitutional rights. Accordingly, Plaintiff has failed to state a plausible claim for relief against either Defendant

McIntosh County Board of County Commissioners or Defendant Ledbetter in his official capacity.

Plaintiff's claims against Defendant Eufaula City Police Department similarly fail. A police department "is not a suable entity under § 1983." *Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) as "dismissing § 1983 claims against the City of Denver Police Department because it was not a separate suable entity"); *Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, noting the defendants were "not legally suable entities").[3] Even if the Court were to construe Plaintiff's claims against Defendant Eufaula City Police Department as claims against the City of Eufaula, Plaintiff did not allege the existence of a policy or custom to support a claim of municipal liability against the City. *See Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010). As such, Plaintiff has failed to provide facts from which a reasonable inference could be drawn that the City, through its police department, caused a violation of Plaintiff's constitutional rights.

**CONCLUSION**

For the reasons discussed herein, the Court concludes that the Amended Complaint fails to state a plausible claim for relief against any named Defendant. *See* Fed. R. Civ. P. 12(b)(6).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. the Motion to Dismiss Plaintiff's Amended Complaint submitted by Defendant Eufaula Police Department [Dkt. No. 17] and the Motion to Dismiss submitted by Defendants McIntosh County Board of County Commissioners and Kevin Ledbetter [Dkt. No. 20] are GRANTED;

---

[3] The Court cites unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

2.  the Motion to Strike Plaintiff's Sur-Reply submitted by Defendants McIntosh County Board of County Commissioners and Kevin Ledbetter [Dkt. No. 25] is DENIED;

3.  Plaintiff's Amended Complaint [Dkt. No. 6] is DISMISSED without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and

4.  a separate judgment of dismissal shall be entered in this matter.

DATED this 19th day of March, 2026.

_____
RONALD A. WHITE
UNITED STATES SENIOR DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA